IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD BONNER, #560458 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-017 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR OF TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Charles Edward Bonner, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") (Instrument No. 1). The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 239th District Court of Brazoria County, Texas in Cause No. 12245, on March 26, 1980. Fed. Writ Pet. at 2; Pet'r Ex. 1. Petitioner was charged with burglary of a building. Pet'r Ex. 1. Petitioner pled "not guilty" and he was tried on the charges before a jury. After hearing all the evidence, the jury found Petitioner guilty and the court assessed his punishment at ten (10) years confinement. Pet'r Ex. 1.

Petitioner appealed the conviction and he alleges that a Texas appellate court affirmed his conviction in or about June of 1982. Fed. Writ Pet. at 3. Petitioner did not file a Petition for Discretionary Review ("PDR") with the Texas Court of Criminal Appeals ("TCCA"). Fed. Writ Pet. at 3.

A review of the state court records reflects that Petitioner has filed eighteen state writs of

1

habeas corpus challenging his conviction in not only Cause Number 12,245, but also with regard to other convictions. The Court, however, only details the state writs that pertain to his conviction in Cause Number 12,245. Petitioner filed his first state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure challenging his convictions in Cause Numbers 12245 and 12246 on April 22, 1981, but it was dismissed by the TCCA on May 13, 1981, because his direct appeal was pending. *Ex parte Bonner*, Applic. No. WR-9,808-01. On April 20, 1983, Petitioner filed another state writ claiming that he was entitled to discharge his sentence in Cause Number 12,245, and this writ was denied without written order by the TCCA in December 1983. *Ex parte Bonner*, Applic. No. WR-9,808-04. On May 13, 1983, Petitioner filed his fifth state writ concerning his conviction in Cause Number 12,245, reiterating his claim that he had served his time and was entitled to discharge on his conviction in Cause Number 12,245, but the TCCA denied this writ without written order. *Ex parte Bonner*, Applic. No. WR-9,808-05. On February 15, 1985, Petitioner filed his sixth state writ challenging his conviction in Cause Number 12,245 on the basis that the trial court failed to comply with Article 37.07 of the Texas statutes and, on June 19, 1985, the TCCA denied this writ without written order. *Ex parte Bonner*, Applic. No. WR-9,808-06. In his seventh state writ, filed on March 21, 1985, Petitioner alleged that TDCJ-CID erred in not releasing him in Cause Number 12,245, and this writ was denied by the TCCA on June 19, 1985. *Ex parte Bonner*, Applic. No. WR-9,808-07. Thereafter, Petitioner filed other writs with the TCCA, but none pertained to Cause Number 12,245, until he filed his eighteenth state writ on September 18, 2006. In his eighteenth state writ, Petitioner challenged his conviction in Cause Number 12,245 as void and, on December 6, 2006, the TCCA dismissed his writ as an abuse of writ under Article 11.07, § 4(a)-(c) of the Texas Code of Criminal Procedure. *Ex parte Bonner*, Applic. No. WR-9,808-18.

Petitioner filed the instant writ on January 5, 2007.[1] The grounds Petitioner raises in his federal habeas corpus are as follows: (1) his conviction is "void in that the trial court was without subject matter jurisdiction, which deprive[d] [him] of liberty without due process of law, and subjected [him] to cruel and unusual punishment" and, as such, could not have been used later for purposes of enhancement; (2) he was denied due process in the state habeas corpus proceeding due to "denial of records, false allegations, and altered records." Fed. Writ Pet. at 7.

*Challenges to Conviction*

Petitioner's first claim arises out of his conviction. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a prisoner to file his writ of habeas corpus in federal court within one year of the date on which the judgment becomes final or the time to appeal such judgment expires. 28 U.S.C.A. § 2244(d)(1)(A); *see also Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001) (recognizing the AEDPA explicit limitation period for state prisoners filing federal habeas petitions).

The judgment against Petitioner became final 30 days after the court of appeals affirmed his conviction in June of 1982. Since this preceded the enactment of the AEDPA on April 24, 1996, Petitioner had one year after the effective date of the AEDPA in which to file a federal writ of habeas corpus. *Flanagan v. Johnson* 154 F.3d 196, 200 (5th Cir. 1998). Accordingly, Petitioner had until April 24, 1997, to file his federal writ. *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999). Petitioner did not file his federal writ until January 5, 2007. Petitioner has filed numerous state habeas writs concerning his conviction in Cause Number

---

[1] This is the date that Petitioner declares he placed the writ in the prison mailing system. Fed. Writ. Pet. at 9. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (mailbox rule applies to federal writ petitions).

12,245, his last state writ was not filed until September 18, 2006, more than eleven years after his last challenges in 1985 (*Ex parte Bonner*, Applic. No. WR-9,808-06; -07; -18), but this would clearly not operate to toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001) (holding state application filed after expiration of limitations period does not statutorily toll limitations period). The Court concludes that Petitioner's federal writ is time barred by the one-year limitations period and that he is not entitled to equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000) (neither ignorance of the law nor lack of legal assistance, even for an incarcerated prisoner, excuse late filing).

The Court therefore **RECOMMENDS** that the Petition be **DISMISSED** as time barred.

*Challenges to State Habeas Proceeding*

Petitioner's second challenge is to the state habeas corpus proceeding. The Fifth Circuit has long recognized that "[a]n attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson*, 256 F.3d 317, 310 (5th Cir. 2001); *see also Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Accordingly, this Circuit has repeatedly held that a challenge to a state's habeas corpus proceedings is not a proper ground for relief in a federal habeas corpus case. *Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir. 1997) ("[i]nsofar as [the petitioner] raises a due process challenge to the state habeas proceeding, his claim fails because infirmities in state habeas corpus proceedings do not constitute grounds for relief in federal court."); *see also Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (alleged errors in state court habeas proceeding do not provide a basis for federal habeas relief); *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987) (a state has no constitutional duty to provide post-conviction remedies, therefore, state court decision to curtail an inmate from filing future state writs because

he had abused the writ process was not a denial of due process).  Since Petitioner's claim does not provide a basis for federal habeas relief, it must be dismissed.

This Court, therefore, **RECOMMENDS** the Petition be **DISMISSED** on this point.

## CONCLUSION

Having conducted a preliminary review of the instant Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Charles Edward Bonner (Instrument No. 1) be **DISMISSED as his claims are time barred and not cognizable in a federal habeas petition.**

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties.  The Parties **SHALL** have until **May 30, 2007**, to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

DONE at Galveston, Texas this _____10th_____ day of May, 2007.

_____
John R. Froeschner
United States Magistrate Judge